UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE SUTTON, | ) | 1:08-CV-01128 SMS HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| | ) | [Doc. #11] |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS AND DIRECTING |
| K. PROSPER, Warden, | ) | CLERK OF COURT TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING ISSUANCE OF |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on August 22, 2003, of possession of cocaine base for sale and several sentencing enhancements. See Lodged Doc. No. 1.[1] On September 24, 2003, Petitioner was sentenced to serve a

---

[1] "Lodged Document" refers to the documents lodged by Respondent in support of her motion to dismiss.

determinate term of 15 years in state prison. Id.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"). On March 14, 2005, the Fifth DCA affirmed the judgment. See Lodged Doc. No. 2. Petitioner did not petition for review in the California Supreme Court.

Petitioner filed four post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows[2]:

1. Kern County Superior Court
   Filed: April 22, 2004;
   Denied: June 9, 2004;

2. California Court of Appeals, Fifth Appellate District
   Filed: May 24, 2005;
   Denied: May 26, 2005;

3. California Court of Appeals, Fifth Appellate District
   Filed: August 23, 2007;
   Denied: November 2, 2007;

4. California Supreme Court
   Filed: December 24, 2007;
   Denied: July 9, 2008.

See Lodged Docs. Nos. 3-9.

On July 24, 2008,[3] Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On December 18, 2008, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not file an opposition.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

---

[2] Pursuant to the mailbox rule, the Court deems the petitions filed on the date Petitioner signed and presumably handed them to prison authorities for mailing, provided such a date can be determined from the pleadings. Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

[3] Although the petition was filed in this Court on August 4, 2008, under the mailbox rule the Court will consider the petition filed on July 24, 2008, the date Petitioner signed the petition.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on July 24, 2008, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the Fifth DCA affirmed Petitioner's conviction on March 14, 2005. Petitioner did not file a petition for review. According to the California Rules of Court, a decision becomes final thirty (30) days after filing, and an appeal must be taken to the California Supreme Court within ten (10) days of finality. Rule 24(a), 28(b), Cal.R.Ct. Thus, direct review concluded on April 23, 2005, and the statute of limitations commenced on the following day. Petitioner had one year until April 24, 2006, to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until July 24, 2008, over two years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on April 24, 2005. Petitioner had filed a habeas petition in the state court prior to that date, but because the habeas petition was filed prior to the commencement of the limitations period, the petition could have no tolling consequences. Hill v. Keane, 948 F.Supp. 157, 159 (E.D.N.Y. 1997). His second petition was filed in the Fifth DCA on May 24, 2005. Petitioner is not entitled to gap tolling for the period of nearly one year between the denial of the first petition and the filing of the second petition, because Petitioner unreasonably delayed. The delay was nearly double the period of six months which the Supreme Court has determined to be presumptively unreasonable under California law. Chavis, 546 U.S. at 201. Therefore, at the time the second petition was filed, 30 days of the limitations period had expired.

Respondent does not argue that Petitioner should be denied tolling for the time the second petition was pending. Therefore, Petitioner will be granted tolling until the petition was denied on May 26, 2005. Petitioner's next state petition was not filed until August 23, 2007. He will not be granted tolling for the more than two year delay between these petitions because this delay was also clearly unreasonable. In addition, Petitioner was not proceeding in an orderly progression to the next appellate level. Carey, 536 U.S. at 215; Delhomme v. Ramirez, 340 F.3d 817, 819-820 (9th Cir.2003). Therefore, the limitations period expired on April 26, 2006, and the instant federal petition remains untimely by over two years.

D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

(9th Cir.1993). Here, Petitioner has failed to provide any reason which would justify equitably tolling the limitations period. Thus, Respondent's motion to dismiss will be granted.

E. Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

3) The Clerk of Court is DIRECTED to enter judgment; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:  March 18, 2009**                      **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE